UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO MONTRESE MARLOW,

    Petitioner,

vs.                                Case No.:    3:13-cv-1097-J-32MCR
                                                                        3:05-cr-133-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Antonio Montrese Marlow's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1).[1] The United States has moved to dismiss the petition as untimely (Doc. 6), and Petitioner has not responded. For the reasons set forth below, the petition is due to be denied.

**I.  Background**

On May 12, 2005, a grand jury indicted Petitioner on one count of distributing five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One); one count of possessing five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two); one count of possession of a firearm by a convicted felon, in violation of 18

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Antonio Marlow, Case No. 3:05-cr-133-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, 3:13-cv-1097-J-32MCR, will be denoted as "Doc. __."

U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three); and one count of carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). (Crim. Doc. 1). Petitioner pled guilty to all four counts, and accordingly, the Court adjudicated him guilty. (See Crim. Doc. 29).

The Court sentenced Petitioner to a total term of imprisonment of 262 months: a term of 202 months as to Counts One and Two (running concurrently with each other), a term of 120 months as to Count Three (also running concurrently with the sentences on Counts One and Two), and a consecutive mandatory minimum term of 60 months as to Count Four. (Crim. Doc. 40). The sentence as to Counts One and Two was partly based on the Court's determination that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1, because he had three prior felony convictions for unlawful possession of a controlled substance with intent to sell or deliver, in violation of Fla. Stat. § 893.13; one prior felony conviction for entering contraband into a detention facility, in violation of Fla. Stat. § 951.22; and one prior felony conviction for escape, in violation of Fla. Stat. § 944.40. (Crim. Doc. 71 at 13, ¶ 25; Doc. 1-1; Doc. 6-3; see also Doc. 6 at 2).[2] Each controlled substance conviction under Fla. Stat. § 893.13 involved marijuana only. (See Crim. Doc. 71 at ¶¶ 38, 39, 45).

The Court entered judgment on March 24, 2006 (Crim. Doc. 40), and Petitioner did not take an appeal. Accordingly, Petitioner's conviction and sentence became

---

[2] The docket reflects that Petitioner had a fourth felony conviction for possession of a controlled substance, in violation of Fla. Stat. § 893.13, but the presentence investigation report (PSR) did not count this conviction toward the career offender designation. (See Crim. Doc. 71 at 13, ¶ 25; Doc. 1-1; Doc. 6-3).

final ten days later, on April 3, 2006, upon expiration of the then-applicable ten-day period for filing a notice of appeal. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Petitioner had one year from that date, or until April 3, 2007, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1).

Subsequently, the government moved to reduce Petitioner's sentence under Fed. R. Crim. P. 35(b) to recognize that he had provided substantial assistance. (Crim. Doc. 41). On June 11, 2007, the Court granted the motion and reduced Petitioner's total sentence from 262 months to 188 months. (Crim. Doc. 52). However, "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the 'date on which the judgment of conviction becomes final' for the purposes of the statute of limitations." Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) (citing United States v. Sanders, 247 F.3d 139, 142-44 & n.2 (4th Cir. 2001)). Thus, the Rule 35(b) sentence reduction did not change the fact that Petitioner had a deadline of April 3, 2007 for filing a timely motion to vacate. Because Petitioner did not file his § 2255 motion until September 4, 2013, the motion is untimely under § 2255(f)(1).

## II. Petitioner's Motion to Vacate

Petitioner raises a single ground in his Motion to Vacate. He argues that the Court incorrectly classified him as a Guidelines career offender. Specifically, Petitioner contends that the Court erred by counting his three prior drug convictions under Fla. Stat. § 893.13 as career offender predicate offenses for purposes of U.S.S.G.

3

§§ 4B1.1 and 4B1.2. Petitioner argues that each conviction was for possessing only a small amount of marijuana, which under Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), would only amount to a misdemeanor offense under the federal Controlled Substances Act (CSA). Petitioner suggests that if a prior conviction would not qualify as a felony offense under the federal CSA, then it cannot count as a predicate "controlled substance offense" for purposes of the Guidelines career offender provision.

Petitioner also relies on Moncrieffe to make his Motion to Vacate timely under 28 U.S.C. § 2255(f)(3), an alternative trigger date for AEDPA's one-year statute of limitations. Petitioner asserts that Moncrieffe is retroactively applicable on collateral review, and that it recognized the right he advances, i.e. the right not to have prior convictions for "minor" marijuana offenses count as career-offender predicate convictions (even if such convictions are felonies under state law).

## III. Discussion

Although Petitioner's Motion to Vacate is not timely, the Motion would fail even if it were.[3] Petitioner's allegation of a Guidelines error, in the form of an

---

[3] Moncrieffe addressed whether a prior drug conviction under state law qualified as an "aggravated felony" under the Immigration and Nationality Act, not whether a prior conviction qualified as a "controlled substance offense" for purposes of U.S.S.G. §§ 4B1.1 and 4B1.2. Indeed, subsequent to Moncrieffe, the Eleventh Circuit has held that a that a prior conviction under Fla. Stat. § 893.13(1) is both a "serious drug offense" and a "controlled substance offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) and U.S.S.G. § 4B1.2(b), respectively. United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014); United States v. Williams, 605 F. App'x 833, 834 (11th Cir. 2015).

Accordingly, Moncrieffe did not recognize a right not to have prior state convictions count as "controlled substance offenses," within the meaning of U.S.S.G.

4

erroneous career offender enhancement, is not cognizable on habeas review. <u>Spencer v. United States</u>, 773 F.3d 1132 (11th Cir. 2014) (en banc).

Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. <u>United States v. Addonizio</u>, 442 U.S. 178, 184-86 (1979). "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." <u>Spencer</u>, 773 F.3d at 1138. When a prisoner, like Petitioner, claims that his "sentence was imposed in violation of the Constitution or laws of the United States… or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice,'" <u>Spencer</u>, 773 F.3d at 1138 (quoting <u>Addonizio</u>, 442 U.S. at 185). A miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," as when the sentence exceeds the statutory maximum, or when the defendant and his counsel are denied the right to be present at the sentencing hearing. <u>See</u> <u>Spencer</u>, 773 F.3d at 1138-39. However, lesser sentencing errors are not cognizable on collateral review.

In <u>Spencer</u>, the Eleventh Circuit held in an en banc opinion that incorrectly designating a defendant as a Guidelines career offender is not of a magnitude that warrants relief under § 2255. 773 F.3d at 1138-40. As the court explained, the

---

§ 4B1.2. Because <u>Moncrieffe</u> did not recognize the right Petitioner attempts to advance in his § 2255 motion, it does not save his motion from being untimely under § 2255(f)(3).

5

Guidelines are purely advisory; thus, a court could impose the same sentence with or without the career offender designation, and the sentence would remain lawful as long as it is below the statutory maximum. Id. at 1140 ("But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.") (citing Gilbert v. United States, 640 F.3d 1293, 1304 (11th Cir. 2011) (en banc)). If a defendant has been sentenced below the statutory maximum, he can only establish that the sentencing error resulted in a miscarriage of justice by "prov[ing] either actual innocence of his crime or the vacatur of a prior conviction." Spencer, 773 F.3d at 1139.

Just as in Spencer, Petitioner's challenge to the career offender designation does not identify a sentencing error that amounts to a fundamental defect or a miscarriage of justice. Even Petitioner's initial 262-month overall sentence was well below the 40-year statutory maximum applicable to Counts One and Two. Compare Crim. Doc. 27 at 1 with Crim. Doc. 40 at 2.[4] Petitioner has not shown that any of the prior convictions on which the career offender enhancement was based have been vacated. Petitioner has not shown that he is factually innocent of either the instant offense of conviction or of any of his career offender predicate offenses. Nor has Petitioner identified the denial of a fundamental right in relation to sentencing, such as the right to be present or to give allocution. See Spencer, 773 F.3d at 1140

---

[4] As noted earlier, the Court later reduced Petitioner's sentence to 188 months owing to him providing substantial assistance.

(describing the right to allocute as "ancient in the law" and "of most importance") (quoting United States v. Behrens, 375 U.S. 162, 165 (1963)). As such, Petitioner has not identified a sentencing error that is so fundamental as to warrant habeas relief. Id. ("A misapplication of advisory sentencing guidelines… does not violate an 'ancient' right, nor does it raise constitutional concerns."). For this reason and the other foregoing reasons, Petitioner is not entitled to relief on the claim that the Court misclassified him as a career offender.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Antonio Montrese Marlow's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DISMISSED WITH PREJUDICE AS UNTIMELY**.

2. The Clerk of Court shall close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting

7

Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of April, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Antonio Montrese Marlow