UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO MONTRESE MARLOW

    Petitioner,

vs.   Case No.:   3:13-cv-1097-J-32MCR
                                                                3:05-cr-133-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Antonio Montrese Marlow's pro se Motion for Miscellaneous Relief (Civ. Doc. 8) and his counseled supplemental response (Civ. Doc. 13).[1] In the pro se motion, Petitioner claims that he is entitled to relief from his sentence as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines on account of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[2] In Johnson, the Supreme Court held that the

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Antonio Marlow, 3:05-cr-133-J-32MCR, will be denoted as "Crim. Doc. ___." Citations to the record in the civil § 2255 case, 3:13-cv-1097-J-32MCR, will be denoted as "Civ. Doc. ___."

[2] A defendant is a "career offender" under the United States Sentencing Guidelines "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The career offender designation entails a higher Guidelines offense level and Criminal History Category, and thus, a higher advisory sentencing range.

1

"residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  Petitioner argues that because the Guidelines' career offender provision defines the term "crime of violence" using some of the same language that the Supreme Court invalidated in Johnson, then his career offender classification is also unlawful.  Compare 18 U.S.C. § 924(e)(2)(B)(ii) with U.S.S.G. § 4B1.2(a)(2) (2005).

The Court took the Johnson claim under advisement, appointed the Federal Public Defender to represent Petitioner with respect to the claim, and directed the Federal Public Defender to file a supplemental response on his behalf.  (Civ. Doc. 10). In the supplemental response, the Federal Public Defender advises that it cannot argue in good faith that Petitioner is entitled to relief under Johnson.  (Civ. Doc. 13 at 1).  The Federal Public Defender explains that, even if Johnson's holding invalidates the "residual clause" of the Sentencing Guidelines' career offender provision, Petitioner would not be entitled to relief.  The Federal Public Defender advises that Petitioner has three prior convictions for controlled substance offenses, as defined by U.S.S.G. § 4B1.2(b).  (Civ. Doc. 13 at 3-5).  As such, Petitioner continues to qualify as a career offender, irrespective of whether the career offender provision's "residual clause" survives Johnson.

The Federal Public Defender moved to withdraw, and requested that the Court "afford Mr. Marlow the opportunity to amend his motion or to present the arguments he believes support his motion as it stands" before deciding the merits.  (Id. at 5).  The Court granted the Federal Public Defender's motion to withdraw, and gave Petitioner

until September 9, 2016 to file a supplemental brief. (Civ. Doc. 15 at 3). As of this date, Petitioner has not yet filed a supplemental brief.

The Court construes Petitioner's pro se Motion for Supplemental Relief as a motion to supplement his § 2255 petition, and it assumes that the Johnson claim is timely raised under 28 U.S.C. § 2255(f)(3). The Court further assumes, for the sake of argument, that Johnson's holding extends to the career offender provision's "residual clause."[3] However, relief on this ground is due to be denied because Petitioner has at least two prior convictions for "controlled substance offenses." Presentence Investigation Report at ¶ 25. Therefore, Petitioner remains eligible for the career offender enhancement, even if the career offender provision's "residual clause" is invalid.

Accordingly, it is hereby **ORDERED:**

1. Petitioner's Motion for Miscellaneous Relief (Civ. Doc. 8) is **DENIED**.
2. The Clerk shall enter judgment in favor of the United States and against Petitioner.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of November, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

---

[3] The Eleventh Circuit has held that Johnson's holding does not extend to the residual clause of the Sentencing Guidelines' career offender provision, United States v. Matchett, — F.3d —, 2016 WL 4757211 (11th Cir. Sep. 13, 2016) (en banc), although this issue is before the Supreme Court in Beckles v. United States, 136 S. Ct. 2510 (2016).

Lc 19

Copies:

Pro se petitioner
Counsel of record